Maria Cavalluzzi, Esq. (SBN 128377)
Michael A. Cavalluzzi, Esq. (SBN 162730)
Adam M. Silverstein, Esq. (SBN 197638)
CAVALLUZZI & CAVALLUZZI
6430 Sunset Boulevard, Suite 1180
Hollywood, California 90028
Telephone: (323) 467-2300
Facsimile: (323) 467-2308

Attorneys for Plaintiff,
JOHN HARSKI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOHN HARSKI

       Plaintiff,

v.

CITY OF LOS ANGELES, a public
entity; LOS ANGELES POLICE
DEPARTMENT; OFFICER KRUSE
(SN 40424); OFFICER ESCOBAR
(SN 34768); OFFICER REYNA (SN
35619); OFFICER ADAMS
(SN 37315) AND DOES 1
THROUGH 10.

       Defendants.

Case No. **CV12-10016** -JEM

**COMPLAINT FOR DAMAGES:**

(1) VIOLATION OF CIVIL RIGHTS -
INDIVIDUAL [42 U.S.C. § 1983];

(2) EXCESSIVE FORCE;

(3) VIOLATION OF CIVIL RIGHTS -
PUBLIC ENTITY [Monell Claim,
42 U.S.C. § 1983];

(4) MALICIOUS PROSECUTION

**DEMAND FOR JURY TRIAL**

## JURISDICTION AND VENUE

    1.    This case arises under 42 U.S.C. § 1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. This Court also has supplemental jurisdiction over the pendent state law claims because the state law claims are so related to the federal claims that they constitute part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. section 1367(a).

1

2.    Plaintiff's claims arise out of a course of conduct involving officials of the CITY OF LOS ANGELES, in the County of Los Angeles, State of California, and within this judicial district.

**PARTIES**

3.    Plaintiff JOHN HARSKI is an adult competent to sue.

4.    Defendant CITY OF LOS ANGELES (hereinafter "City of LA) is a legal and political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a County Board of Supervisors, and various agents and officers. Defendant LOS ANGELES POLICE DEPARTMENT (hereinafter "LAPD") is a public agency. At the times relevant hereto, defendant Officer Kruse (Serial No. 40424) was or is a Police Officer for the City of Los Angeles and is sued in both his official and individual capacities.  At the times relevant hereto, defendant Officer Escobar (Serial No. 34768) was or is a Police Officer for the City of Los Angeles and is sued in both his official and individual capacities.   At the times relevant hereto, defendant Officer Reyna (Serial No. 35619) was or is a Police Officer for the City of Los Angeles and is sued in both his official and individual capacities. At the times relevant hereto, defendant Officer Adams (Serial No. 37315) was or is a Police Officer for the City of Los Angeles and is sued in both his official and individual capacities.

5.    Defendant Los Angeles Police Officer Kruise (Serial No. 40424) (hereinafter "KRUISE") is a Police Officer for the City of LA, and LAPD. In committing the acts herein alleged, he acted within the scope of his employment.

6.    Defendant Los Angeles Police Officer Escobar (Serial No. 34768) (hereinafter "ESCOBAR") is a Police Officer for the City of LA, and LAPD. In committing the acts herein alleged, he acted within the scope of his employment.

7.    Defendant Los Angeles Police Officer Reyna (Serial No. 35619) (hereinafter "REYNA") is a Police Officer for the City of LA, and LAPD. In

2

committing the acts herein alleged, he acted within the scope of his employment.

8.    Defendant Los Angeles Police Officer Adams (Serial No. 37315) (hereinafter "ADAMS") is a Police Officer for the City of LA, and LAPD. In committing the acts herein alleged, he acted within the scope of his employment.

9.    The true names of defendants Does 1 through 10 are presently unknown to plaintiff, who therefore sues each of these defendants by such fictitious name; but upon ascertaining the true identity of a defendant Doe, plaintiff will amend this Complaint or seek leave to do so by inserting the true name in lieu of the fictitious name. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each defendant Doe herein is in some manner responsible for the injuries and damages herein alleged.

## COMPLIANCE WITH THE TORT CLAIMS ACT

10.    On or about May 10, 2012, Plaintiff provided timely notice of his claim for damages to the City of LA. By way of "Claim for Damages Pursuant to §910 of the California Government Code" which was served by way of facsimile, U.S. Mail, and Certified Mail, Return Receipt Requested. However, Plaintiff's claim was rejected by the City of LA.

## FACTS

11.    On or about May 20, 2011 Plaintiff, JOHN HARSKI (hereinafter "HARSKI") was involved in a car accident within the city of Los Angeles.

12.    Defendant Officers KRUSE, ESCOBAR, REYNA, and ADAMS were dispatched to investigate a dispute that arose out of the car accident in which HARSKI was involved. Officers KRUSE, ESCOBAR, REYNA, and ADAMS arrested HARSKI and took him into custody without probable cause that a crime had been committed by HARSKI.

13.    During the course of handcuffing HARSKI, and even after he was already handcuffed, officers KRUSE, ESCOBAR, REYNA, and ADAMS used excessive force by beating HARSKI about the face and head causing severe

3

injuries to HARSKI. HARSKI suffered a closed head injury and concussion, along with a black eye, as a result of KRUSE, ESCOBAR, REYNA, and ADAMS' actions.

14. Officers KRUSE, ESCOBAR, REYNA, and ADAMS used excessive and unnecessary force on Plaintiff causing severe injuries to Plaintiff without probable cause or legal justification. HARSKI was taken by officers to Good Samaritan Hospital thereafter. HARSKI did not resist the actions of KRUSE, ESCOBAR, REYNA, and ADAMS.

15. After defendant officers used excessive force on HARSKI, Officers KRUSE, ESCOBAR, REYNA, and ADAMS then took HARSKI to LAPD Jail (Rampart Division) and, along with other personnel of the City of LA and LAPD, made material misrepresentations of fact in police reports. Those material misrepresentations of fact were presented to prosecutors in order to convince prosecutors to file charges against HARSKI, specifically, charges alleging violations of California Penal Code Sections 602.1(a), 647(f), and 148(a)(1).

16. On or about January 30, 2012, defendant officers, and each of them, testified falsely in court in an effort to obtain a wrongful conviction of HARSKI.

17. HARSKI was ultimately acquitted of all charges against defendants.

## DAMAGES

18. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, plaintiff has suffered a traumatic brain injury since the incident as a result of the closed head injury and concussion suffered when KRUSE, ESCOBAR, REYNA, and ADAMS used excessive force on HARSKI. Furthermore, HARSKI has suffered and will continue to suffer injury, damage and loss including, but not limited to:

(a)  Severe emotional distress;

(b)  Public disparagement and obloquy;

(c)  Loss of earnings and impairment of earning capacity;

4

(d)    Legal fees and costs incurred in defense of the criminal charges;

(e)    Medical expenses, past and future; and,

(f)    Pain and suffering all resulting in plaintiffs economic and noneconomic damage in amounts to be proven at the time of trial.

19.    The individually named and doe defendants, excluding defendants CITY of LA and LAPD, acted outside the scope of their jurisdiction and without authorization of law, and separately and in concert. The aforementioned acts of the defendants, and each of them, was willful, wanton, malicious and oppressive, with reckless disregard or with deliberate indifference and with the intent to deprive plaintiff of his constitutional rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling plaintiff to exemplary and punitive damages in an amount to be proven at the trial of this matter.

20.    Pursuant to 42 U.S.C. section 1988(b), plaintiff is entitled to recover his reasonable attorney fees incurred herein.

## FIRST CAUSE OF ACTION
## FOR MONETARY RELIEF UNDER 42 U.S.C. § 1983
## (AGAINST ALL DEFENDANTS)

21.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 20 above as though fully set forth herein.

22.    The individual and doe defendants, while acting under color of law, deprived plaintiff of his civil rights  by depriving plaintiff of his Fourth and Fourteenth Amendment rights under the United States Constitution, including his right to be secure in his person and free from the use of excessive force; free from arrest without probable cause and free from malicious prosecutions.

23.    Plaintiff's rights as described herein were clearly established at the time of the wrongful acts and omissions alleged herein, and defendants knew, or should have known, that their wrongful and illegal conduct violated plaintiff's

5

1 rights.

2    24.   The above acts and omissions, while carried out under color of law,

3 have no justification or excuse in law, and instead constitute a gross abuse of

4 governmental authority and power, shock the conscience, are fundamentally

5 unfair, arbitrary and oppressive, and unrelated to any activity in which

6 governmental officers may appropriately and legally undertake in the course of

7 protecting persons or property, or ensuring civil order.  The above acts and

8 omissions were consciously chosen from among various alternatives.

9                          **SECOND CAUSE OF ACTION**

10                             **EXCESSIVE FORCE**

11                          **[AGAINST ALL DEFENDANTS]**

12    25.   Plaintiff realleges and incorporates by reference the allegations in

13 paragraphs 1 through 24 above as though fully set forth herein.

14    26.   In committing the aforementioned acts against plaintiff, defendants,

15 and DOES 1 through 10, caused one or more unlawful and harmful contacts

16 between their persons and the person of plaintiff. Defendants' use of force against

17 Plaintiff was unnecessary, unreasonable, excessive and without justification. At all

18 times material, defendants acted intentionally and with willful disregard of

19 plaintiff's rights, resulting in injury, damage and loss to plaintiff as more

20 specifically alleged above.

21    27.   At all times material, the City of LA, LAPD, KRUSE, ESCOBAR,

22 REYNA, and ADAMS were vicariously liable for the acts and omissions of all

23 defendants, committed within the course and scope of their employment, pursuant

24 to Government Code section 815.2.

25    28.   The aforementioned wrongful acts of the individual defendants, and

26 each of them, and DOES 1 through 10, and each of them, were willful, oppressive,

27 intentional, malicious and despicable; therefore, punitive damages should be

28 assessed against said individual defendants in an amount deemed sufficient to

                                          6

1   punish and deter defendants and others in similar positions of authority from

2   engaging in similar conduct in the

3   future.

4       29.   As a direct and proximate result of defendants' acts and omissions,

5   plaintiff sustained damage and loss as proved and as more specifically alleged

6   above.

## THIRD CAUSE OF ACTION
## DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983
## (Entity Liability)

10       30.   Plaintiff realleges and incorporates by reference the allegations in

11   paragraphs 1 through 29 above as though fully set forth herein.

12       31.   Defendants City of LA and LAPD with deliberate indifference, and

13   conscious and reckless disregard to the safety, security and constitutional and

14   statutory rights of plaintiff – including the right to be free from harm and the use

15   of excessive force, and to be afforded procedural and substantive due process, and

16   to not be prosecuted based on misrepresentations of fact, maintained – enforced,

17   tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the

18   following policies, practices and customs:

19       (1)   failing to adequately train, supervise and control law

20   enforcement personnel inproper detention and arrest procedure;

21       (2)   failing to adequately train, supervise, and control law

22   enforcement personnel in the use of force to detain and arrest citizens;

23       (3)   Failing to adequately train, supervise, and control its Officers

24   in preparing reports that include all relevant information and only truthful and

25   accurate statements;

26       (4)   Failing to adequately train, supervise, and control its Officers

27   in protecting the substantive and procedural due process rights of arrestees to be

28   free from malicious prosecutions and prosecutions based on falsified evidence or

7

1  based on incomplete information due to the withholding of exculpatory evidence.

2          (5)    Failing to adequately discipline Officers involved in dishonesty
3  or otherwise abusing their authority; and

4          (6)    Condoning and encouraging their officers in the belief that they
5  can violate the rights of persons such as the plaintiff in this action with impunity,
6  and that such conduct will not adversely affect their opportunities for promotion
7  and other employment benefits.

8          As a direct and proximate result of the foregoing, plaintiff sustained
9  injury and damage as proved.

## FOURTH CAUSE OF ACTION
## MALICIOUS PROSECUTION
## [AGAINST ALL DEFENDANTS]

14     32.  Plaintiff realleges and incorporates by reference the allegations in
15  paragraphs 1 through 31  above as though fully set forth herein.

16     33.    Defendants, and each of them, deprived plaintiff of his right to be free
17  from prosecution for an infamous crime as set forth and assured by the Fourth and
18  Fourteenth Amendments to the United States Constitution, by initiating and
19  promoting a meritless and malicious prosecution of plaintiff and causing the
20  continuing seizure and prosecution of plaintiff.

21          As a direct and proximate result of the foregoing, plaintiff
22  sustained injury and damage as proved.

### PRAYER

24     WHEREFORE, plaintiff requests relief as follows, and according to proof,
25  against each defendant:

26     1.    General and compensatory damages in an amount according to proof;

27     2.    Special damages in an amount according to proof;

28     3.    Exemplary and punitive damages against each individual and Doe

8

COMPLAINT FOR DAMAGES

1 | defendant, not against the entity defendants, in an amount according to proof;

2 |     4.    Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988; and,

3 |     5.    Such other relief as may be warranted or as is just and proper.

4 | Dated: November 20, 2012               CAVALLUZZI & CAVALLUZZI

By:_____
MARIA CAVALLUZZI
Attorneys for Plaintiff
John Harski

9

COMPLAINT FOR DAMAGES